# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

## CIVIL NO. 1:08CV321-1-T
## (1:03CR44)

| | | |
|---|---|---|
| **TODD WILSON SHORT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **ORDER OF DISMISSAL** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct judgment, pursuant to 28 U.S.C. § 2255, filed July 18, 2008, and Respondent's motion for summary judgment, filed October 28, 2008. For the reasons stated herein, Petitioner's motion to vacate will be denied and dismissed.

## I. PROCEDURAL HISTORY

On May 13, 2003, Petitioner was arrested on a criminal complaint for wire and mail fraud in violation of 18 U.S.C. §§ 1343 and 1341. **Criminal Complaint, filed May 13, 2003.** On May 14, 2003, Petitioner made his

initial appearance and was ordered detained.  On May 15, 2003, counsel was appointed to represent Petitioner.  **Election of Counsel Form, filed May 15, 2003**.  Four days later, on May 19, 2003, the Government filed a motion for pretrial psychiatric or psychological examination of petitioner.

On June 2, 2003, Petitioner was indicted for violations of 18 U.S.C. §§ 1341, 1343, and 2.  **Indictment, filed June 2, 2003.**  On June 9, 2003, a hearing was held on the Government's motion for a psychiatric examination of the Petitioner.  On June 23, 2003, the Government's motion was allowed and the Court ordered Petitioner to undergo psychological testing and psychiatric evaluation to determine his competency to understand the criminal proceedings against him.  **Order, filed June 23, 2003.**  On November 3, 2003, the forensic evaluation was filed under seal with the Court and a competency hearing was held thereafter on November 10, 2003.

This detailed 16-page report represents the work of a psychiatrist, a psychologist, members of the evaluating team, correctional and mental health staff who "had the opportunity to observe and interact with Mr. Short since his arrival" at the Federal Medical Center at Butner, North Carolina.  ***See* Forensic Evaluation, filed under seal November 3, 2003, at 1.**  It

was the unanimous opinion of this group that Petitioner was "not currently

suffering from a mental disease or defect that results in his being unable to

understand the nature and consequences of the proceedings against him

or to assist properly in his defense," and at the time of the offense, he "was

able to appreciate the nature and quality, or the wrongfulness, of his acts."

*Id*. **at 14-15.**  At the competency hearing, no evidence was received other

than the forensic evaluation report.  The Court determined that the

Petitioner was competent to stand trial and that he was "able to appreciate

the nature and quality, or the wrongfulness, of his acts at the time they

were alleged to have been committed."  **Order, filed November 13, 2003,**

**at 6.**  On December 10, 2003, Petitioner filed a Notice of Insanity Defense

and was allowed to undergo an independent professional evaluation.  ***See***

**Order, filed December 17, 2003.**  No report was ever filed by the

independent expert.

On April 28, 2004, pursuant to the terms of a plea agreement,

Petitioner entered a guilty plea at his Rule 11 hearing.   **Rule 11 Inquiry**

**and Order of Acceptance of Plea, filed April 28, 2004.**  On June 15,

2005, Petitioner filed a Motion for downward departure based on his long

history of mental problems.  **Motion for Downward Departure, filed June**

**15, 2003.** On June 17, 2005, this Court denied Petitioner's motion for a downward departure and sentenced him to a term of 120 months imprisonment on Counts One and Six to be served concurrently. **Judgment in a Criminal Case, filed July 12, 2005**.

On July 11, 2005, Petitioner filed a timely notice of appeal. However, on September 30, 2005, Petitioner moved to dismiss his appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure; his motion was granted by the Fourth Circuit on October 12, 2005, and his appeal was dismissed.

On July 18, 2008, more than two years after Petitioner's judgment became final, he filed the instant § 2255 motion attacking his sentence and conviction. He acknowledges that his petition is untimely, but asserts that the limitations period should be equitably tolled based upon his alleged mental incompetency. ***See* Petitioner's Motion, at 17-18.** The Respondent has moved for summary judgment on the grounds that Petitioner's motion is untimely. **Government's Motion for Summary Judgment, filed October 28, 2008.**

## II. STANDARD OF REVIEW

_____Pursuant to Federal Rule of Civil Procedure 56(c), a Court may grant summary judgment when the pleadings and other relevant documents reveal that "there is not genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  **See, e.g. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990).**

A genuine issues exists only if "the evidence is such that a reasonable jury could return a verdict for the on-moving party."  ***Anderson*, 477 U.S. at 248.**  However, the party opposing summary judgment may not rest upon mere allegations or denials and, in any event, a "mere scintilla of evidence" is insufficient to overcome summary judgment."  ***Id.* at 249-50.**

## III.  ANALYSIS

In 1996, congress enacted the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA") to "'reduce delays in the execution of state and federal criminal sentences, particularly in capital cases . . . and

to further the principles of comity, finality, and federalism.'"  ***Rouse v. Lee,***

**339 F.3d 238, 246 (4th Cir. 2003) (quoting *Woodford v. Garceau*, 538**

**U.S. 202 (2003)).**  Among AEDPA's provisions was an amendment to 28

U.S.C. § 2255 imposing a one-year statute of limitations period for the filing

of a motion to vacate.  Such amendment provides:

> A 1-year period of limitation shall apply to a motion under
> this section.  The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion
> created by governmental action in violation of the Constitution
> or laws of the United States is removed, if the movant was
> prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized
> by the Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of
> due diligence.

**28 U.S.C. § 2255.**

Here, giving Petitioner every benefit, his conviction became final on

or about January 10, 2006, when his time to appeal the dismissal of his

appeal expired**.  *See Clay v. United States*, 537 U.S. 522 (2003) (federal**

**criminal conviction becomes final when time for filing petition for**

***certiorari* contesting appellate court's affirmation of conviction
expires).** Petitioner's limitation period under AEDPA expired one year later
on January 10, 2007. Because Petitioner did not file his § 2255 motion
until July 18, 2008, the Government argues his motion is untimely. ***See***
**Government's Response to the Timeliness of Petitioner's Motion to
Vacate, filed October 28, 2008, at 6-12; Government's Motion for
Summary Judgment,** *supra***, at 1.**

In response, Petitioner argues that his § 2255 motion is not untimely
because his alleged declaration of incompetency from 2002 until 2008
"constitute[s] extraordinary circumstances to justify equitable tolling" of
AEDPA's limitation period. **Response to Motion to Vacate, at 15.**
Petitioner also asserts that he suffers a mental defect that interferes with
his ability to reason logically "at all times" and that he is still "heavily
medicated." **Motion to Vacate, at 18.** Petitioner states that to date his
state declaration of incompetency has not been reversed.[1] **Response to
Motion to Vacate, at 17.**

---

[1] However, Petitioner was found competent to stand trial by this Court
in November 2003 and subsequently entered his guilty plea in 2004.

When analyzing AEDPA's limitation period and the concept of equitable tolling, the Fourth Circuit has stated that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."  ***See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).**  That is, equitable tolling is "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  ***Id.***

Equitable tolling based on a petitioner's mental condition is available "only in cases of profound mental incapacity."  ***United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004).**  Here, Petitioner alleges that in 2002 he was found incompetent to handle business, legal, and financial matters and declared incompetent by a state court.  Petitioner was assigned a general guardian in 2003.  Petitioner argues that he remains incompetent.

Given that Petitioner's state adjudicated incompetence has not changed and Petitioner nevertheless has been able to file the detailed motion to vacate now under review, it is unclear to this Court how Petitioner can argue that his state adjudicated incompetence was an

external circumstance that precluded him from filing a timely § 2255 motion. This lack of causal effect is further substantiated by the fact that Petitioner filed various *pro se* motions with the Court prior to filing this motion to vacate. ***See* Motion to Compel Psychological Examinations and Objection to Extension of Time, filed June 26, 2006; Motion to Compel the Submission of the Independent Psychiatric Evaluation to the Court, filed November 16, 2004; Motion for Copy of Presentence Investigation Report, filed April 12, 2007.**

Moreover, the Court notes that Petitioner underwent psychological testing during the course of his federal criminal proceedings in 2003 and 2004 and was determined to be competent. **Order, filed November 13, 2003, *supra*.** Most of the psychological records provided by Petitioner in his response to the Government's motion for summary judgment predate his federal conviction.[2] While it is clear that Petitioner has been diagnosed

---

[2] Petitioner asserts that his prior history of mental disease was not fully known to the Court. A review of the forensic evaluation clearly sets forth the collateral information used in preparing the report, including but not limited to, the state court order adjudicating Petitioner incompetent. Moreover, his state adjudication of incompetency was known to the Court and to the parties from the beginning of his criminal case and was one of the reasons for ordering a competency evaluation. **Motion for Pretrial Psychiatric or Psychological Examinations, filed May 16, 2003, ¶ 3.**

with various mental diseases, it is also clear that these diseases,
particularly when he is medicated, would not prevent Petitioner from filing
documents in federal court.

Based upon Petitioner's current ability to file a coherent § 2255
motion, coupled with his continued state adjudicated incompetence; the
determination at his federal criminal proceeding that he was competent;
and his demonstrated ability to file *pro se* pleadings prior to the expiration
of his limitations period, this Court concludes that Petitioner has not
established extraordinary circumstances beyond his control or external to
his own conduct that prevented him from filing his § 2255 motion in a timely
manner.

Petitioner also generally asserts that he is actually innocent. **Motion
to Vacate, at 18.** To succeed on an actual innocence claim a petitioner
must show factual innocence, not simply legal insufficiency of evidence to
support a conviction**. *See Bousley v. United States*, 523 U.S. 614, 623
(1998).** Petitioner must establish that "in light of all the evidence, it is more
likely than not that no reasonable juror would have convicted him." *Id.*
**(quotation and citations omitted).** Petitioner has not met this burden.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that Respondent's motion for

summary judgment is **GRANTED** and Petitioner's motion to vacate, set

aside, or correct sentence is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that Petitioner's motion to amend is

**DENIED** as moot.


Signed: June 9, 2009


Lacy H. Thornburg
United States District Judge